UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | SUPERSEDING INDICTMENT |
|---|---|---|
| | ) | NO. 404-308 |
| v. | ) | |
| | ) | VIO: 21 U.S.C. § 963 |
| DAMIAN TIANT COVERLEY, | ) | Conspiracy to Import Cocaine |
| CHARLES ALEXANDER BOWE, and | ) | |
| OMAR M. THEOPHILUS | ) | 21 U.S.C. § 952(a) |
| | ) | Importation of Cocaine |
| | ) | |
| | ) | 21 U.S.C. § 846 |
| | ) | Conspiracy to Possess with Intent to |
| | ) | Distribute and to Distribute Cocaine |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession with Intent to Distribute |
| | ) | Cocaine |
| | ) | |
| | ) | 21 U.S.C. §853 |
| | ) | Forfeiture |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | Aiding and Abetting |

## COUNT ONE
### CONSPIRACY TO IMPORT COCAINE

**THE GRAND JURY CHARGES:**

That beginning on or about the 1st day of January 2002, the exact date being unknown, up to and including the 6th day of December 2004, in Chatham County, within the Southern District of Georgia, within the Southern District of Florida, and elsewhere, the defendants herein:

    DAMIAN TIANT COVERLEY,
    CHARLES ALEXANDER BOWE, and
    OMAR M. THEOPHILUS,

aided and abetted by each other and by others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to import into the customs territory of the United States from a place outside thereof, to wit, the Commonwealth of the Bahamas, five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a) and 960 (b)(1)(B); all done in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 963.

## COUNT TWO
## IMPORTATION OF COCAINE

**THE GRAND JURY FURTHER CHARGES:**

That on or about the 3rd day of December 2004, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendants herein:

**DAMIAN TIANT COVERLEY,**
**CHARLES ALEXANDER BOWE, and**
**OMAR M. THEOPHILUS,**

aided and abetted by each other and by others known and unknown, did knowingly and intentionally import into the United States from a place outside thereof, to wit, the Commonwealth of the Bahamas, five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II controlled substance, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 952(a) and 960 (b)(1)(B).

2

## COUNT THREE
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE COCAINE

**THE GRAND JURY FURTHER CHARGES:**

That beginning on or about the 1st day of January 2002, the exact date being unknown, up to and including the 6th day of December 2004, in Chatham County, within the Southern District of Georgia, within the Southern District of Florida, and elsewhere, the defendants herein:

**DAMIAN TIANT COVERLEY,
CHARLES ALEXANDER BOWE, and
OMAR M. THEOPHILUS,**

aided and abetted by each other and by others known and unknown, did knowingly and and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); all done in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 846.

3

## COUNT FOUR
## POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

**THE GRAND JURY FURTHER CHARGES:**

That on or about the 3rd day of December 2004, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendants herein:

**DAMIAN TIANT COVERLEY,**
**CHARLES ALEXANDER BOWE, and**
**OMAR M. THEOPHILUS,**

aided and abetted by each other and by others known and unknown, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II controlled substance, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNT FIVE
## FORFEITURE ALLEGATION

**THE GRAND JURY FURTHER CHARGES:**

As a result of the foregoing offenses, the defendants herein:

**DAMIAN TIANT COVERLEY,**
**CHARLES ALEXANDER BOWE, and**
**OMAR M. THEOPHILUS,**

shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the violations charged in Counts One through Four of this Superceding Indictment, and any and all real and personal property used or intended to be used in any manner or part to commit and to facilitate the commission of the

violations alleged in Counts One through Four of the Superceding Indictment. Said property includes, but is not limited to:

1. **REAL PROPERTY**

a. All that lot or parcel of land, together with its buildings, improvements, attachments and easements, located at 2535 Jardin Terr., Weston Florida 33327-1517, and being titled in the name of CHARLES A. BOWE and being more particularly described as Lot 3 in Block 2 of Sector 7, Parcels J-2 and J-3, according to the Plat thereof recorded in Plat Book 160, page 24 of the Public Records of Broward County, Florida.

2. **CASH PROCEEDS.**

Approximately $18,000,000.00 in United States currency, in that such sum, in aggregate, was received by the defendant(s) in exchange for the distribution of controlled substances or is traceable thereto.

By virtue of the commission of one or more of the felony offenses charged against the defendants in Counts One through Four of this Superceding Indictment, any and all interest the defendants have in the property subject to the forfeiture penalty, is vested in the United States and is hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

3. **SUBSTITUTE PROPERTY.**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;

5

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21, U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of the said defendant up to the value of the above forfeitable property.

By virtue of the commission of one or more of the felony offenses charged in Counts One through Four of this indictment by the defendants, any and all interest the defendants have in the property subject to forfeiture, is vested in the United States and is hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853 and 982.

A True Bill.

_____
Foreman

_____
LISA GODBEY WOOD
UNITED STATES ATTORNEY

_____
Joseph D. Newman
Assistant United States Attorney
Georgia Bar No. 541150

_____
Frederick W. Kramer
Assistant United States Attorney
Georgia Bar No. 428971

_____
Karl I. Knoche*
Assistant United States Attorney
Georgia Bar No. 426624

*lead counsel